Jess B. Millikan, SBN 95540
E-mail: jess.millikan@bullivant.com
C. Todd Norris, SBN 181337
E-mail: todd.norris@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108-2823
Telephone:   (415) 352-2700
Facsimile:   (415) 352-2701

Attorneys for Defendant James Jay Seltzer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF JAMES JAY SELTZER, a business entity form unknown, JAMES JAY SELTZER, an individual,<br><br>Defendants. | Case No.: CV 08-00784 WHA<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant James Jay Seltzer, erroneously also sued herein as "Law Offices of James Jay Seltzer," responds to plaintiff's complaint and counterclaims against plaintiff as follows:

**DEMAND FOR JURY TRIAL**

Defendant demands a jury on all issues triable in this action.

**ANSWER**

1.     Defendant admits that plaintiff issued to defendant a Lawyers Professional Liability Policy No. 00003944-2 for the April 11, 2006 to April 11, 2007 policy period (the "Policy"). Defendant admits that Exhibit "A" contains at least a portion of the Policy. Defendant presently lacks sufficient information or belief to either admit or deny that Exhibit "A" to plaintiff's complaint contains the entire Policy, and on that basis denies that it does.

Except as expressly admitted herein, defendant denies the material allegations of paragraph 1 of the complaint.

## JURISDICTION

2. Defendant does not contest the Court's jurisdiction over this matter.

## VENUE

3. Defendant does not contest venue.

## PARTIES

4. Defendant lacks sufficient information or belief to admit or deny the material allegations of paragraph 4 of the complaint and on that basis denies same.

5. Defendant admits that, at relevant times, "Law Offices of James Jay Seltzer" was a "dba" of defendant, and that defendant's place of business is located in Emeryville, California. Except as expressly admitted herein, defendant denies the material allegations of paragraph 5 of the complaint.

6. Defendant admits that James Jay Seltzer is an individual residing in the County of Alameda, State of California. Except as expressly admitted herein, defendant denies the material allegations of paragraph 6 of the complaint.

## INTRADISTRICT ASSIGNMENT

7. Defendant admits that assignment to the San Francisco or Oakland Courthouse is appropriate. Defendant admits that he resides in the County of Alameda, State of California. Except as expressly admitted herein, defendant denies the material allegations of paragraph 7 of the complaint.

## FACTUAL ALLEGATIONS

8. Defendant admits that on or about March 10, 2006, he submitted a completed Application for Lawyer's Professional Liability Insurance to his broker, Egloff Insurance Agency. Defendant further admits that plaintiff issued Policy No. 00003944-2 effective April 10, 2006. Defendant presently lacks sufficient information and belief to admit or deny the remaining material allegations of paragraph 8 and on that basis denies same.

9. Defendant admits that Exhibit B to the complaint contains, among other

language, the language quoted in paragraph 9 of the complaint. Except as expressly admitted herein, defendant denies the remaining material allegations of paragraph 9 of the complaint.

10. Defendant admits that Exhibit A to the complaint contains, among other language, the language quoted in paragraph 10 of the complaint. Except as expressly admitted herein, defendant denies the remaining material allegations of paragraph 10 of the complaint.

11. Defendant admits that in or about the later part of February 2003, he was retained by Pon Lee to investigate a claim against Vision LP, Lee Capital Management and Thomas Lee for alleged churning of Pon Lee's account. Defendant admits that he filed a demand for arbitration on behalf of Pon Lee with the National Futures Association no later than December 8, 2005. Except as expressly admitted herein, defendant denies the remaining material allegations of paragraph 11 of the complaint.

12. Defendant admits the allegations of paragraph 12 of the complaint.

13. Defendant admits the allegations of paragraph 13 of the complaint.

14. Defendant admits that Pon Lee's attorney contacted him about a potential claim for malpractice, and that he tendered the matter to plaintiff, requesting that plaintiff defend and indemnify him. Except as expressly admitted herein, defendant denies the material allegations of paragraph 14 of the complaint.

15. Defendant admits that he notified plaintiff of a potential claim by Pon Lee in or about January 2007. Except as expressly admitted herein, defendant denies the material allegations of paragraph 15 of the complaint.

16. Defendant admits that plaintiff has agreed to defend defendant against claims by Pon Lee under a reservation of rights. Except as expressly admitted herein, defendant denies the material allegations of paragraph 16 of the complaint.

**COUNT I**

17. Defendant repeats and incorporates by reference his responses to the allegations in paragraphs 1 through 16 of the complaint.

18. Defendant admits that a true and present controversy exists between plaintiff and defendant concerning coverage under the Policy. Except as expressly admitted herein,

1  defendant denies the allegations of paragraph 18 of the complaint.

2      19.    Defendant denies the material allegations of paragraph 19 of the complaint.

    20.    Defendant denies that plaintiff is entitled to rescind its policy. Defendant lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 20 of the complaint, which is ambiguous, and on that basis denies same.

    21.    Defendant admits that declaratory relief is appropriate to determine the respective rights of the parties, but expressly denies that plaintiff has alleged facts sufficient to entitle plaintiff to declaratory relief. Except as expressly admitted herein, defendant denies the material allegations of paragraph 21 of the complaint.

## COUNT II

    22.    Defendant repeats and incorporates by reference his responses to the allegations in paragraphs 1 through 21 of the complaint.

    23.    Defendant admits that a true and present controversy exists between plaintiff and defendant. Except as expressly admitted herein, defendant denies the material allegations of paragraph 23 of the complaint.

    24.    Defendant denies the material allegations of paragraph 24 of the complaint.

    25.    Defendant denies the material allegations of paragraph 25 of the complaint.

    26.    Defendant denies the material allegations of paragraph 26 of the complaint.

    27.    Defendant contends that plaintiff owes defendant a duty to defend and indemnify defendant. Except as expressly admitted herein, defendant denies the material allegations of paragraph 27 of the complaint.

    28.    Defendant admits that declaratory relief is appropriate to determine the respective rights of the parties, but expressly denies that plaintiff has alleged facts sufficient to entitle plaintiff to declaratory relief. Except as expressly admitted herein, defendant denies the material allegations of paragraph 28 of the complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

    1.    The complaint and each of the claims alleged therein fail to state a cause of action

against defendant.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has waived its right, if any, to deny coverage to defendant with respect to the claim that is the subject of the complaint.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is equitably estopped from denying coverage to defendant with respect to the claim that is the subject of the complaint.

## FOURTH AFFIRMATIVE DEFENSE

4. The terms and conditions of the Policy issued by plaintiff to defendant affirmatively bar plaintiff from obtaining the relief sought by the complaint.

## FIFTH AFFIRMATIVE DEFENSE

5. Defendant alleges that he has substantially complied with all material terms and conditions of the Policy.

## SIXTH AFFIRMATIVE DEFENSE

6. Defendant alleges that plaintiff's complaint is barred by the doctrine of unconscionability (both procedural and substantive).

## COUNTERCLAIM

### (Declaratory Relief – Coverage)

1. Counterclaimant James Jay Seltzer repeats and incorporates by reference his responses to the allegations in paragraphs 1 through 28 of the complaint.

2. Plaintiff and counter-defendant James River Insurance Company (JRIC) issued to Counterclaimant a Lawyers Professional Liability Policy, Policy No. 00003944-2, effective April 10, 2006 (the Policy). Among other things, the Policy provided:

> 1. **Insuring Agreement**
>
> a. We will pay on behalf of the "Insured" those sums in excess of the deductible the "Insured" becomes legally obligated to pay as "Damages" and "Claims Expenses" because of a "Claim" first made against the "Insured" and reported to us in writing during the "Policy Period" by reason of a "Wrongful Act" in the performance of or failure to perform "Professional Services" by the "Insured" or by any other person or entity for whom the "Insured" is legally liable. The "Wrongful Acts" must have been committed on or subsequent to the "Retroactive Date" specified in the Declaration and before the end of the "Policy Period".

      b. **Defense and Settlement**

      We shall have the right and duty to defend any covered "Claim" brought against the "Insured" even if the "Claim" is groundless, false or fraudulent.

3. During the effective Policy period, a Claim was first made against Counterclaimant and reported to JRIC in writing concerning alleged "Wrongful Acts" in the performance of "Professional Services" by the Insured James Jay Seltzer with respect to his client Pon Lee (the "Claim"). The "Wrongful Acts" were allegedly committed subsequent to the "Retroactive Date" specified in the Policy's Declaration and before the end of the "Policy Period."

4. Accordingly, the Claim is covered under the Policy issued to Seltzer, and Counter-defendant is obligated to defend and indemnify Seltzer with respect to all sums that Seltzer is or becomes legally obligated to pay as damages or claims expenses on account of the Claim.

5. Counterclaimant Seltzer is informed and believes that Counter-defendant JRIC denies that it is obligated to defend and indemnify Seltzer with respect to the Claim, and further contends that it is entitled to a recovery from Counterclaimant Seltzer for all sums paid to date on account of the Claim.

6. Accordingly, a true and present controversy exists between Seltzer and JRIC, and a judicial determination is necessary to establish the rights and obligations of the parties.

WHEREFORE Counterclaimant James Jay Seltzer prays for judgment as follows:

    A.    That plaintiff take nothing on its complaint;

    B.    That plaintiff's complaint be dismissed with prejudice;

    C.    For a declaration from the Court that the Claim is covered under the Policy (both potentially and actually); that James Jay Seltzer is entitled to be fully and completely defended and indemnified by JRIC with respect to the Claim, and with respect to any and all sums Seltzer becomes

obligated to pay on account of the Claim, including all legal fees and costs of suit;

D. That Counterclaimant be awarded its attorneys fees and costs of suit incurred herein; and

E. For such other and further relief as the Court deems just and proper.

DATED: April 1, 2008

BULLIVANT HOUSER BAILEY PC

By _____
Jess B. Millikan
C. Todd Norris

Attorneys for Defendant James Jay Seltzer

10481512.1

—7—
ANSWER AND COUNTERCLAIM