JONATHAN B. COLE (SBN 70460)
*jcole@nemecek-cole.com*
MATTHEW J. HAFEY (SBN 167122)
*mhafey@nemecek-cole.com*
NEMECEK & COLE
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, California 91403-5344
Telephone:  (818) 788-9500
Facsimile:   (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>              Plaintiff,<br><br>  -vs-<br><br>LAW OFFICES OF JAMES JAY SELTZER, a business entity form unknown; JAMES JAY SELTZER, an individual<br><br>              Defendants.<br>_____ | Case No. C 08-00784 WHA<br><br>**JOINT REPORT OF COUNSEL PURSUANT TO FED.R.CIV.P. 26(f)** |

Plaintiff JAMES RIVER INSURANCE COMPANY ("JRIC") and defendant

JAMES JAY SELTZER dba LAW OFFICES OF JAMES JAY SELTZER hereby

submit their Joint Report of Counsel Pursuant to Fed.R.Civ.P. 26 as follows:

1. On April 15, 2008, the parties "met and conferred" via counsel in person

in San Francisco, California for the purpose of conducting the Rule 26(f) meeting.

2. The parties agreed that the allegations of the Complaint and the Answer

on file with the Court adequately set forth the factual basis and legal theories upon

which each of the parties bases their claims and defenses.

3.      The parties conducted the Rule 26(f) meeting while attending a pre-litigation mediation convened to address the claims asserted by Pon Lee against Mr. Seltzer before James Mart, Esq. of JAMS in San Francisco.  The parties believe that, for the time being, it would be cost effective to mediate the coverage issues presented in this litigation with the underlying liability issues in the *Pon Lee* matter, and have agreed to facilitate that approach by coordinating mediation dates with counsel in the underlying matter.

4.      The underlying matter, which, at this juncture, has not ripened into a lawsuit, did not settle at the April 15, 2008 mediation.  The parties have scheduled a second session of the mediation, which is to take place July 28, 2008 with Jerry Spolter at JAMS.

5.      The parties next discussed the disclosures required by Fed.R.Civ.P. 26(a). The parties agreed to make such disclosures, including a description of witnesses and documents to be produced, by May 6, 2008.

6.      The parties next discussed preservation of discoverable information.  In particular, the parties agreed that any electronically stored information relevant to the dispute between the parties would be preserved to the best of the party's ability, and that in making initial disclosures the parties would conduct a diligent search of both the business and home computers of the each party's representatives for documents which should be so disclosed.

7.      The parties have agreed to the following tentative Discovery Plan:

**A.    Written Discovery**

| Type | Serve By Date |
|---|---|
| Plaintiff's Demand for Production | May 5, 2008 |
| Plaintiff's Contention (Special) Interrogatories | May 5, 2008 |
| Plaintiff's Requests for Admission | May 5, 2008 |
| Plaintiff's Third Party Subpoenas for Documents | May 29, 2008 |

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1896016P.3 Rule 26.wpd                                JOINT RULE 26(F) REPORT

| Type | Serve By Date |
|------|---------------|
| Defendant's Demand for Production | August 1, 2008 |
| Defendant's Contention (Special) Interrogatories | August 1, 2008 |
| Defendant's Requests for Admission | August 1, 2008 |
| Defendant's Third Party Subpoenas for Documents | August 1, 2008 |
| Plaintiff's Follow up Written Discovery | August, 2008 |
| Defendant's Follow up Written Discovery | September, 2008 |

**B.    Deposition Discovery**

| Deponent | Date Served | Depo Date |
|----------|-------------|-----------|
| Defendant and Defendant's employees / associates | July, 2008 | August, 2008 |
| Plaintiff's representatives | August, 2008 | September, 2008 |
| Third Party Depositions (underlying plaintiff; parties in Chicago involved in original CFTC and NFA action) | August - October, 2008 | September - November, 2008 |
| Follow up Depositions | November, 2008 | December, 2008 |
| Experts | Disclosure 90 days before trial, or as otherwise ordered | Complete within 30 days of trial |

The parties are in the process of "meeting and conferring" as to the location of depositions and/or alternative means of taking depositions of persons located out of state (*e.g.* by telephone, videoconference, or other remote means).

8.    Pursuant to Rule 26(f)(3), the parties agree as follows:

a.    No changes should be made to Rule 26(a). The parties have already made their initial disclosures as set forth above.

b.    Discovery relates to the nature and scope of defendants' representation of Pon Lee, which is the subject of the underlying legal malpractice claim against defendants herein, as well as underwriting and claims handling issues

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

relating to the Policy of insurance which is the subject of this action.  Discovery cutoff should be January 31, 2008.

> c.    The parties have agreed to produce documents on CD ROM in single page TIFF for Summation format.  Electronically stored information (*i.e.* emails, word processing documents, spreadsheets, or other electronic data) shall be converted to .pdf documents and produced on CD ROM, or as otherwise may be agreed.

> d.    Claims of privilege will be handled by the production of a privilege log concurrent with a party's production of documents in response to Demand for Production of Documents in the form suggested by the Court in its standing orders or as otherwise may be agreed.

> e.    No changes are anticipated to be made in the limitations on discovery imposed by the Fed.R.Civ.P. or Local Rules.  The parties also anticipate that a Stipulated Protective Order to be mutually agreed upon may be necessary to protect trade secret or other private or proprietary material.  Mr. Seltzer has raised the issue of staying discovery pending the outcome of the proposed July, 2008 mediation in order to preserve funds potentially available for settlement.  However, James River contends that conducting an initial round of discovery prior to mediation will be helpful to both sides in determining the extent to which the coverage issues can be resolved.

Dated: May __, 2008                     NEMECEK & COLE


By_____
                            JONATHAN B. COLE
                            MATTHEW J. HAFEY
                            Attorneys for Plaintiff JAMES RIVER
                            INSURANCE COMPANY

/ / /
/ / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1896016P.3 Rule 26.wpd                     JOINT RULE 26(F) REPORT

Dated: May __, 2008                    BULLIVANT HOUSER BAILEY P.C.


By_____
                    JESS. B. MILLIKAN
                    C. TODD NORRIS
                    Attorneys for Defendant JAMES JAY
                    SELTZER dba LAW OFFICES OF JAMES
                    JAY SELTZER

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

-5-