JONATHAN B. COLE (SBN 70460)
jcole@nemecek-cole.com
MATTHEW J. HAFEY (SBN 167122)
mhafey@nemecek-cole.com
NEMECEK & COLE
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, California 91403-5344
Telephone: (818) 788-9500
Facsimile: (818) 501-0328

Attorneys for Plaintiff
JAMES RIVER INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>LAW OFFICES OF JAMES JAY SELTZER, a business entity form unknown; JAMES JAY SELTZER, an individual<br><br>Defendants.<br>_____<br>AND RELATED COUNTERCLAIM<br>_____ | Case No. C 08-00784 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

    1.    **Jurisdiction and Service**. The parties agree that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties. There are no issues regarding service. All parties have been served with the Complaint and Counterclaim.

/ / /

-1-

2. **Facts**.

*Plaintiff's Contentions*:

    a.    Plaintiff James River Insurance Company ("JRIC") issued a policy of Lawyers Professional Liability Insurance to defendant James Jay Seltzer dba Law Offices of James Jay Seltzer ("Seltzer") for the period of April 10, 2006 to 2007 (the "Policy").  Seltzer had signed an Application for the Policy (a renewal of the prior year's coverage) on March 10, 2006, which was then submitted to JRIC through Seltzer's insurance broker on March 17, 2006.  In the Application, Seltzer warranted that he was not "aware of any incident, act, error or omission that may result in a Claim or disciplinary action being brought against you."  On April 7, 2006, at JRIC's request, Seltzer submitted a letter to his insurance broker (which was forwarded to JRIC) in which Seltzer stated:

> "This applicant warranty statement is to acknowledge that, after inquiry, I am not aware of any claims and/or circumstances, acts, errors or omissions that could result in a Professional Liability claim since completion of my last application."

    b.    Prior to March 17, 2006, Seltzer had been representing Pon Lee, an individual who had asserted a claim against Vision, LP, a commodities futures broker whom Mr. Lee had accused of churning his account.  Seltzer originally filed a Demand for Arbitration with the National Futures Association in December, 2005, which was rejected.  Seltzer re-filed in early 2006.  On March 13, 2006 (before Seltzer's broker submitted his Application to JRIC), Vision's principal, Thomas Lee, faxed Seltzer a letter stating, among other things, that Pon Lee's claim was barred by the one year contractual statute of limitations contained in Pon Lee's trading agreement with Vision and, alternatively, was barred by the two year statute of limitations contained in the rules governing the NFA.  Seltzer did not inform JRIC of this letter or Mr. Lee's allegations.  Then, on April 4, 2006, Vision served Seltzer with a Complaint and a Motion for Preliminary Injunction filed in the Cook County

1 Circuit Court via Federal Express. The Complaint and Motion set forth in detail the
2 reasons why Pon Lee's NFA claims were barred by the statute of limitations and
3 sought an injunction preventing the NFA Arbitration from going forward. The
4 Complaint and Motion arrived at Seltzer's office on April 5, 2006, two days before
5 he signed and submitted the above-referenced warranty letter to JRIC.

6    c. Ultimately, the Cook County Circuit Court granted the requested
7 injunction. Although Pon Lee re-filed his claim as a Reparations Action before the
8 Commodities Futures Trading Commission through counsel paid for by Seltzer, that
9 action was ultimately dismissed, again on statute of limitations grounds. As a result,
10 Pon Lee has retained counsel and asserted a claim for legal malpractice against
11 Seltzer for missing the statute of limitations.

12    d. JRIC contends, among other things, that Seltzer was placed on
13 actual notice of the facts and circumstances surrounding the missed statute of
14 limitations prior to March 17, 2006, as he had received a letter to that effect from Mr.
15 Lee on March 13, 2006. JRIC also contends, among other things, that Seltzer was
16 placed on notice of the detailed legal and factual basis for Vision's statute of
17 limitations defense on April 5, 2006, two days before Seltzer warranted to JRIC in
18 writing that he was not aware of any "claims and/or circumstances, acts, errors or
19 omissions that could result in a Professional Liability claim that could result in a
20 Professional Liability claim since completion of my last application." JRIC therefore
21 contends that its Policy is void as to the Pon Lee Claim due (a) to the application of
22 Exclusion (a), precluding coverage for a "'professional service' rendered prior to the
23 effective date of the Policy if any insured knew or could have reasonably foreseen
24 that the 'professional service' could give rise to a 'claim'"; (b) Mr. Seltzer's breach
25 of express warranty of no claims or circumstances, acts, errors or omissions that
26 could lead to a claim; and/or (c) Mr. Seltzer's material omission of information
27 regarding the Pon Lee Claim on his March 10, 2006 Application (submitted to JRIC
28 on March 17, 2006).

1        e.    On October 23, 2007, JRIC provided Mr. Seltzer with a detailed reservation of rights letter setting forth the factual and legal basis for its coverage position. JRIC agreed to defend Mr. Seltzer against Pon Lee's claim while, among other things, reserving the right to seek an adjudication of the rights and duties of the parties (as it is doing in this Action), the right to seek reimbursement of defense fees and costs, and the right to withdraw the defense.

***Defendant's Contentions:***

a.    Mr. Seltzer was insured with JRIC from April 10, 2005 through April 10, 2006, and then renewed his coverage for the 2006 through 2007 policy year, paying an annual premium in excess of $67,000. He has never concealed or failed to disclose any material information from his insurer during the application process on *any* of his applications, including the application in question. Nor has Mr. Seltzer ever had any reason to do so, having purchased continuous coverage throughout all relevant times.

b.    Receipt of a letter, a pleading or even, as in this case, a brief from an opposing counsel who asserts that a claim is time barred does not trigger an attorney's obligation to notify his insurance company of a malpractice claim, nor to disclose that circumstance on a policy renewal application. A party's time bar argument may or may not prevail, and it may or may not be attributable to an error by its opponent's counsel.

c.    Mr. Seltzer concedes that the timing of the events underlying the coverage issues in this matter is unfortunate as it has provided JRIC with an opportunity to dispute coverage. However, at no time during the application process for the policy in question did Mr. Seltzer fail to disclose any material information he was asked for, and it will be JRIC's burden to establish the contrary.

d.    Mr. Seltzer fully and truthfully completed and executed a 30-page renewal application for the policy renewal in question on March 10, 2006. The document JRIC relies upon to deny coverage was not received in Mr. Seltzer's office

1  until April 5, 2006, a month later. Again, that document was a legal brief from an
2  opposing counsel, not a communication from Mr. Seltzer's own client, and it did not
3  assert any malpractice by Mr. Seltzer – it merely alleged that Pon Lee's claim was
4  time barred. Receipt of that document by Mr. Seltzer's office is not sufficient to
5  immediately put Mr. Seltzer on constructive notice of a malpractice claim, nor to
6  require disclosure to JRIC.

7        e. At most, whether the circumstances known to Mr. Seltzer when
8  the renewal application was signed gave rise to a sufficient probability of a
9  malpractice claim is a matter of opinion upon which reasonable people might differ.
10 Accordingly, JRIC will not be able to meet its burden of proving that Mr. Seltzer
11 misrepresented a material fact to his insurer during the application process.
12 Moreover, had Mr. Seltzer disclosed the Pon Lee matter to JRIC during the
13 application process, as JRIC contends he should have done, the claim would have
14 been covered under Mr. Seltzer's prior policy, which was also issued by JRIC. Thus,
15 JRIC faces an uphill battle as it attempts to use the benefit of hindsight to decline
16 coverage.

17    3. **Legal Issues**
18     *Plaintiff's Contentions:*

19       a. Whether JRIC may avoid coverage for the Pon Lee Claim based
20 on warranties made by Seltzer prior to JRIC's issuance of the Policy to the effect that,
21 after inquiry, Seltzer was "not aware of any claims and/or circumstances, acts, errors
22 or omissions that could result in a Professional Liability claim" against him. *See*
23 California Insurance Code §§ 441 ("[a] statement in a policy of a matter relating to
24 the person or thing insured, or to the risk, as a fact, is an express warranty thereof");
25 449 ("[a] breach of warranty without fraud . . . exonerates an insurer from the time
26 that it occurs, or where the warranty is broken in its inception, prevents the policy
27 from attaching to the risk"); *Williamson & Vollmer Engineering Co. v. Sequoia Ins.*
28 ///

1  *Co.* (1976) 64 Cal.App.3d 261, 275 (insurer may rely on warranty of insured in action
2  for reformation of the policy and need not prove fraud).
3          b.    Whether JRIC may avoid coverage for the Pon Lee Claim based
4  on its application of Exclusion a. (precluding coverage for a "'professional service'
5  rendered prior to the effective date of the Policy if any insured knew or could have
6  reasonably foreseen that the 'professional service' could give rise to a 'claim.'")
7          c.    Whether JRIC may rescind the Policy altogether based on the
8  material misrepresentations of Seltzer in the Application and Warranty Letter. *See*
9  Insurance Code § 331 ("Concealment, whether intentional or unintentional, entitles
10 the injured party to rescind insurance"); *Williamson & Vollmer Engineering Co.,*
11 *supra*.
12         d.    Whether JRIC may recover the attorney's fees and costs expended
13 defending Mr. Seltzer in the *Pon Lee* matter pending the outcome of this action.
14         ***Defendant's Contentions:***
15     a.    Whether an insured attorney can be said to be on notice of a possible
16 malpractice claim against him before his client's underlying claim has been
17 adjudicated on the merits, and before his client has expressed any dissatisfaction at all
18 with his services.
19     b.    Whether an opposing counsel's assertion that a claim is time barred is
20 sufficient to trigger an insured's duty to disclose on a professional liability insurance
21 renewal application.
22     c.    Whether, within the context of a renewal application, a "reasonable
23 inquiry" requires an insured to complete an investigation and analysis of contentions
24 by opposing counsel in a document received two days prior to execution of a
25 warranty letter, where that document does not allege any malpractice.
26     d.    Whether Seltzer's disclosure of the Pon Lee matter on his renewal
27 application would have made any difference to JRIC's decision to renew the policy,
28 / / /

1896016P.6 Joint SC Report.v2.wpd     JOINT CASE MANAGEMENT STATEMENT

1 particularly since such disclosure would have triggered coverage under the prior and
2 then effective JRIC policy.

3       4. **Motions**. JRIC contemplates filing a Motion for Summary Judgment
4 based, among other things, on the representations and warranties made in Seltzer's
5 March 10, 2006 Application and the April 7, 2006 Warranty Letter, juxtaposed with
6 the March 13, 2006 letter from Vision, LP's principal and the delivery, on April 5,
7 2006, of Vision, LP's Complaint and Motion for Preliminary Injunction in the Cook
8 County Action. There are no pending motions. Seltzer may file a cross-motion
9 based on some, or all, of the legal issues outlined above.

10       5. **Amendment of Pleadings.** None anticipated at this time, but see
11 Paragraph 11, "Relief," below.

12       6. **Evidence Preservation.** Both parties discussed this issue through
13 counsel at an in-person Rule 26(f) meeting which took place on April 15, 2008. In
14 particular, the parties agreed that any electronically stored information relevant to the
15 dispute between the parties would be preserved to the best of the party's ability, and
16 that the parties would conduct a diligent search of both the business and home
17 computers of the each party's representatives for documents which should be so
18 disclosed. Both sides acknowledge their obligation to preserve emails, voice-mails,
19 and other electronically stored material related to the Action.

20       7. **Disclosures.** As discussed in the accompanying Rule 26 Report, the
21 parties have completed their disclosures.

22       8. **Discovery.** The parties have agreed upon an initial Discovery Plan as
23 set forth in the Rule 26 Report being filed concurrently herewith. Plaintiff
24 propounded its comprehensive set of Requests for Production of Documents,
25 Requests for Admission, and Special Interrogatories, which are due on June 9, 2008.
26 Mr. Seltzer has suggested that discovery be put on "hold" pending a contemplated
27 mediation at the end of July in order to preserve resources potentially available for
28 settlement. However, JRIC contends that continuation of the discovery process,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

including the taking of depositions of Mr. Seltzer and other personnel at his office, would be helpful in evaluating the case prior to mediation.

9. **Class Actions.** This is not a class action matter.

10. **Related Cases.** There are no related cases known to the parties, other than the as yet unfiled *Pon Lee v. Seltzer* matter, which, if filed, will probably be filed in the Alameda County Superior Court.

11. **Relief.** JRIC seeks declaratory relief and recovery of attorney's fees and costs expended in defending Mr. Seltzer. Mr. Seltzer seeks declaratory relief only at this juncture but reserves the right to amend to seek damages for breach of contract, breach of the implied covenant of good faith and fair dealing, attorney's fees and punitive damages. The amount of such relief is unknown.

12. **Settlement and ADR.** The parties initially conducted a half day mediation before James Mart, Esq. at JAMS in a joint session with Pon Lee's counsel in an effort to reach a global resolution of both the underlying claims asserted by Pon Lee against Seltzer as well as the insurance coverage issues raised in the instant action. That effort was not successful. The parties have set up a second mediation session scheduled for July 28, 2008 before Jerry Spolter, Esq. of JAMS.

13. **Consent to Magistrate.** The parties do not desire to consent to having a magistrate judge conduct all further proceedings in this matter at this time.

14. **Other References.** The parties do not contemplate the need for other references at this time.

15. **Narrowing of Issues.** The parties do not contemplate any procedures for narrowing issues at this time, but will endeavor to arrive at a stipulation as to certain material facts prior to trial.

16. **Expedited Schedule.** JRIC contends that this matter is fairly cut and dried and could be handled on an expedited basis. Mr. Seltzer contends that an expedited schedule is not appropriate. Pon Lee apparently alleges damages in the amount of $1.9 million against Mr. Seltzer. Mr. Seltzer contends that JRIC has been

investigating this claim and the associated coverage issues for more than a year, while Mr. Seltzer only retained his own coverage counsel in late March. Mr. Seltzer's counsel needs adequate time and opportunity to perform an appropriate investigation.

17. **Scheduling.** As set forth in the accompanying Rule 26 Report, the parties have agreed to a January 31, 2009 Discovery Cutoff from which the Court may measure all of the other proposed dates.

18. **Trial**. JRIC is willing to have the case tried by the Court. Seltzer has demanded a jury trial. JRIC estimates that a bench trial will take three to five days. Seltzer estimates that a jury trial will take 5 days.

19. **Certification of Interested Parties.** JRIC filed its Certificate of Interested Parties concurrently with the Complaint. Seltzer has not filed a Certificate of Interested Parties, but joins in JRIC's certificate.

20. **Other Matters.** The parties do not contemplate any other matters to be discussed at the Initial Case Management Conference at this time.

Dated: May __, 2008                      NEMECEK & COLE


By_____
     JONATHAN B. COLE
     MATTHEW J. HAFEY
     Attorneys for Plaintiff JAMES RIVER
     INSURANCE COMPANY


Dated: May __, 2008                      BULLIVANT HOUSER BAILEY P.C.


By_____
     JESS. B. MILLIKAN
     C. TODD NORRIS
     Attorneys for Defendant JAMES JAY
     SELTZER dba LAW OFFICES OF JAMES
     JAY SELTZER